UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PROGRESSIVE CASUALTY**
**INSURANCE COMPANY,**

     **Plaintiff,**                           **CIVIL ACTION NO. 11-cv-14816**

     **v.**                                   **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**FEDERAL DEPOSIT**                  **MAGISTRATE JUDGE MONA K. MAJZOUB**
**INSURANCE CORPORATION**
**AS RECEIVER OF MICHIGAN**
**HERITAGE BANK; and**
**TIMOTHY J. CUTTLE**

     **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT FDIC-R'S MOTION TO COMPEL DISCOVERY [48]**

This matter comes before the Court on Defendant Federal Deposit Insurance Corporation as Receiver of Michigan Heritage Bank's (FDIC-R) Motion to Compel Discovery. (Docket nos. 48-51.) Plaintiff responded to Defendant FDIC-R's motion (Docket no. 55), and Defendant FDIC-R replied to Plaintiff's response (Docket no. 56). The parties also filed a Joint Statement of Resolved and Unresolved Issues with regard to Defendant FDIC-R's Motion to Compel Discovery. (Docket no. 57.) Additionally, Defendant FDIC-R filed a Supplemental Brief in support of its motion. (Docket no. 59.) The motion has been referred to the undersigned for consideration. (Docket no. 52.) The parties have fully briefed the motions; the Court has reviewed the pleadings and heard the parties' oral arguments in a hearing held on May 20, 2014 at 1:30 p.m. The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

At the hearing, the Court took the parties' arguments regarding Defendant FDIC-R's

Requests for Production (RFPs) nos. 10 and 11 under advisement in light of Defendant FDIC-R's "battle of the experts" argument and reference to unpublished case law not previously briefed and presented for the first time at the hearing. To the extent that there are competing expert reports filed in this litigation which address how the language in Plaintiff's claims manuals correlates to Plaintiff's interpretation of its D&O policy, because Defendant FDIC-R has neither briefed this issue nor presented said expert reports to the Court for review, the Court will not consider Defendant FDIC-R's "battle of the experts" argument when ruling on the instant motion.

To further support its relevancy argument with respect to Plaintiff's claims manuals and other instructional materials, Defendant FDIC-R cited *U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-CV-13128, 2012 WL 1454008 (E.D. Mich. Apr. 26, 2012) at the hearing. In *U.S. Fire*, the court reasoned that "an insurance company's internal claims manual or claims processing guidelines may contain information relevant to resolving any ambiguities in the contract" and subsequently ordered that those materials be produced. (*Id.* at *9.) Notwithstanding the language and dicta referenced in *U.S. Fire*, the instant case is distinguishable. Here, Plaintiff has asserted in its written response to Defendant FDIC-R's motion (Docket no. 55 at 27-29), in the declaration of Mr. Terence Cawley (Docket no. 55-4 at 6), and through counsel in its oral argument at the time of the hearing, that the materials encompassed by Defendant FDIC-R's RFP nos. 10 and 11 do not in any way address the application or interpretation of the "Insured vs. Insured Exclusion" or the "Loan Loss Carve-Out" in the D&O policy's definition of "Loss." Based on these assertions, the Court is satisfied that production of the documents requested in RFP nos. 10 and 11 is not likely to lead to the discovery of admissible evidence.

For the reasons stated herein, and for the reasons stated on the record, **IT IS THEREFORE ORDERED** that Defendant FDIC-R's Motion to Compel Discovery [48] is **GRANTED IN PART AND DENIED IN PART** as follows:

a. With regard to Requests for Production nos. 29 and 32,

   i. Defendant FDIC-R's Motion to Compel has been satisfied but for the production of electronically stored information (ESI);[1]

   ii. With regard to Defendant FDIC-R's new request, raised at the hearing, to review an additional sample of Plaintiff's claim files, specifically from the subset of 109 claim files relating to either failed banks or lending, Defendant FDIC-R will select from the "Progress Documents" a sample of 15 claim files from the subset of 109 and, based on this sample, Plaintiff will produce documents responsive to RFP nos. 29 and 32 within 90 days of this Order, subject to the limitations below;

   iii. RFP no. 29 is limited in time and scope to "All documents generated after January 1, 2004 relating to the meaning, construction, interpretation or application of the term "Loss" as used in Plaintiff's Director and Officers/Company Liability Insurance Policies;" and

   iv. RFP no. 32 is limited in time and scope to "All documents generated after January 1, 2004 relating to the meaning, construction, interpretation or

---

[1] The parties' dispute regarding ESI is currently not before the Court.

        application of the language of the "Insured v. Insured Exclusion" as used in Plaintiff's Director and Officers/Company Liability Insurance Policies;"

b. Defendant FDIC-R's Motion to Compel a response to Request for Production no. 15, with regard to electronically stored documents is unopposed. With regard to any physical documents, Defendant FDIC-R will select from the "Progress Documents" a sample of 5 claim files from the set of 526 and, based on this sample, Plaintiff will produce documents responsive to RFP no. 15 within 90 days of this Order;

c. With regard to Requests for Production nos. 10 and 11:

    i. Plaintiff is ordered to amend its response to Defendant FDIC-R's Motion to Compel within 90 days of this Order to specifically list the materials it reviewed and enumerate the steps taken in that review which led it to reach the conclusion that the documents requested by Defendant FDIC-R in RFP nos. 10 and 11 do not address the interpretation or application of the disputed policy provisions; and

    ii. Defendant FDIC-R's Motion to Compel responses to Requests for Production nos. 10 and 11 is DENIED without prejudice.

d. Defendant FDIC-R's Motion to Compel responses to Requests for Production nos. 12 and 23 is DENIED without prejudice.

At the time of the hearing, Defendant FDIC-R withdrew the portion of its motion to compel Plaintiff's response to Request for Production no. 21.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days

from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  May 26, 2014         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  May 26, 2014         s/ Lisa C. Bartlett
                             Case Manager